**NOT RECOMMENDED FOR PUBLICATION**
File Name: 15a0236n.06

**No. 13-6648**

| | | |
|---|---|---|
| **UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT** | | **FILED**<br>Mar 31, 2015<br>DEBORAH S. HUNT, Clerk |

DERRY LOVINS,

      Petitioner-Appellant,

v.

TONY PARKER, Warden,

      Respondent-Appellee.

)
)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE

---

BEFORE: MOORE, GIBBONS, and GRIFFIN, Circuit Judges.

GRIFFIN, Circuit Judge. Our court previously issued a conditional writ of habeas corpus for the release of petitioner Derry Lovins. However, the State of Tennessee failed to comply with the writ within 180 days. Thereafter, Lovins filed a motion in the United States District Court for the Western District of Tennessee to enforce the writ and to prohibit the state from rearresting and resentencing him. The district court ordered Lovins's release but declined further relief. Subsequently, the state rearrested Lovins and resentenced him. In this appeal, Lovins asks us to void his rearrest and resentencing. We decline to do so and affirm the district court because Lovins has not shown that his case presents "extraordinary circumstances" warranting exceptional relief.

I.

In 2002, a Tennessee state court jury convicted Lovins of second-degree murder. *Lovins v. Parker*, 712 F.3d 283, 289 (6th Cir. 2013). At sentencing, the state trial judge identified various aggravating factors and enhanced Lovins's sentence from twenty to twenty-three years. Although Lovins did not file an appeal, the state court of appeals later granted his delayed application for permission to appeal. *Lovins v. State*, No. W2005-01446-CCA-R3-PC, 2007 WL 2700097, at *1 (Tenn. Crim. App. Sept. 14, 2007), *perm. app. denied* (Tenn. Feb. 25, 2008). The state courts ultimately affirmed Lovins's conviction and sentence and denied his petition for post-conviction relief. *Id.*

Lovins subsequently filed a petition for writ of habeas corpus with the federal district court. The district court denied his petition. We affirmed the district court's denial with respect to Lovins's conviction but reversed with respect to his sentence, holding that *Blakely v. Washington*, 542 U.S. 296 (2004), applied retroactively to his case. *Lovins*, 712 F.3d at 300−02, 304. Accordingly, we issued a conditional writ of habeas corpus directing Lovins's release if the State of Tennessee did not initiate proceedings within 180 days to either resentence Lovins to the presumptive statutory sentence of twenty years or provide him with a new sentencing hearing consistent with his Sixth Amendment right to trial by jury. *Id.* at 305.

The state admittedly failed to act within 180 days. Over a month after the deadline, Lovins filed an emergency motion in the district court to enforce our conditional writ. He further asked the court to prohibit the state from rearresting and resentencing him. After a hearing and supplemental briefing, the district court ordered Lovins released but denied his request to prohibit the state from rearresting and resentencing him. Lovins was released but immediately

rearrested. He has since been resentenced to twenty years. On appeal, Lovins asks us to void his rearrest and resentencing.

II.

The narrow issue before us is whether the State of Tennessee should be barred from rearresting and resentencing Lovins because its failure to comply with the terms of our writ of habeas corpus was "inexcusable." Our court reviews a district court's decision to grant or deny a writ of habeas corpus de novo and reviews its factual findings for clear error. *Girts v. Yanai*, 600 F.3d 576, 583 (6th Cir. 2010). We review de novo the legal conclusion of whether those facts rise to the level of "extraordinary circumstances" warranting an order barring reprosecuting. *Id.*

"In a typical case in which a prisoner is released because a state fails to retry the prisoner by the deadline set in a conditional writ, the state is not precluded from rearresting petitioner and retrying him under the same indictment." *Satterlee v. Wolfenbarger*, 453 F.3d 362, 370 (6th Cir. 2006) (internal quotation marks omitted). However, "[t]he broad discretion of the habeas court in fashioning a proper remedy allows a district court to bar the state from reprosecuting the habeas petitioner in 'extraordinary circumstances.'" *D'Ambrosio v. Bagley*, 656 F.3d 379, 383 (6th Cir. 2011) (quoting *Satterlee*, 453 F.3d at 370). A habeas court "may forbid reprosecution" in "extraordinary circumstances, such as when the state inexcusably, repeatedly, or otherwise abusively fails to act within the prescribed time period or if the state's delay is likely to prejudice the petitioner's ability to mount a defense at trial." *Satterlee*, 453 F.3d at 370 (internal quotation marks and alterations omitted).

On appeal, Lovins argues that barring his rearrest and resentencing is mandated because the state inexcusably failed to meet the 180-day deadline, the state twice failed to file the complete state court record in federal district court, and principles of equity weigh in his favor.

The state responds that such an exceptional remedy is not warranted because the state's omissions were inadvertent, and Lovins has not been prejudiced because his underlying conviction is valid. We agree with the district court that the facts of this case do not rise to the level of "extraordinary circumstances."

Three facts weigh against granting exceptional relief. First, the state's failure to comply with the conditional writ, while troubling, was not committed in bad faith. The state asserted that it failed to act due to miscommunication between state entities. Second, the state's error lasted a relatively short period of time, and the state quickly complied with the writ after the error was brought to its attention. Finally and importantly, Lovins's conviction is valid. Only the length of his sentence is at issue. At the time of release, Lovins had served approximately eleven years and six months of a twenty-three-year sentence. Accordingly, when he was resentenced to twenty years, he had not served time on an invalid conviction or served more than the statutory maximum of twenty years. Similarly, because his conviction was not at issue, the state's delay was not "likely to prejudice the petitioner's ability to mount a defense at trial." *Satterlee*, 453 F.3d at 370 (internal quotation marks omitted).

Lovins argues that his case presents extraordinary circumstances because the state's error was more egregious than in *Girts*, a comparable case. There, the petitioner was twice convicted of the murder of his wife. 600 F.3d at 578. Both convictions were subsequently overturned due to prosecutorial misconduct, the first on direct appeal and the second before our court on habeas review. *Girts v. Yanai*, 501 F.3d 743, 761 (6th Cir. 2007). We granted a conditional writ, directing the release of the petitioner from custody if he was not retried within 180 days. *Id.* Failing to retry him by the deadline, the state released him but subsequently rearrested him. *Girts*, 600 F.3d at 578. The petitioner asked us to bar reprosecution, but we declined, despite

"multiple instances of prosecutorial misconduct," because the relevant facts "[did] not rise to the level of 'extraordinary circumstances' contemplated in *Satterlee*." *Id.* at 586; *see also id.* at 584 n.5 ("[A] long prison term or even two instances of prosecutorial misconduct do not automatically lead to barring retrial."). Like Lovins, Girts argued that the state's failure to act within the deadline was "inexcusable." *Id.* at 585. Although our court found the state's misconduct "troubling," it observed that the parties had not presented, and the court had not independently found, cases in which retrial was barred in a similar situation. *Id.* Rather, the precedent supported that even after a state fails to retry a petitioner during the period provided by the conditional writ, the state "routinely" retains the opportunity to retry the petitioner following release. *Id.*

Lovins emphasizes that in *Girts*, unlike in this case, the state technically complied with the conditional writ by seeking an extension before the deadline and releasing Girts at the new deadline. *See id.* at 585 n.6 ("It is crucial to our analysis that the state requested and was granted an extension. Therefore, the state was technically always compliant with court orders. Absent the extension, the continued incarceration of Petitioner on the improper conviction may have presented extraordinary circumstances.") In Lovins's case, by contrast, the state did not comply with the writ because it neglected to release Lovins at the deadline and did not seek an extension. It was not until Lovins filed an emergency motion to enforce the writ—approximately fifty-one days after the deadline—that the state was aware of its error. Ultimately, the state was tardy by fifty-six days. Nevertheless, this distinction does not compel us to bar Lovins's rearrest and resentencing because Lovins was never incarcerated on an improper conviction or likely to be

prejudiced in his defense against reprosecution.**¹**  Accordingly, his case does not present the same concerns that troubled our court in *Girts*.

Finally, Lovins argues that principles of equity weigh in his favor.  Specifically, he contends that denying him relief would allow the state to act with impunity.  Although a relevant consideration, our default rule is that a state may retry a defendant after his release, absent extraordinary circumstances.  In light of the aforementioned facts that weigh against exceptional relief, Lovins's equitable arguments are not compelling.  Moreover, we have previously favored remedies that "restore [a petitioner] to the position in which he would have been had the deprivation not occurred."  *Satterlee*, 453 F.3d at 370 n.7 (internal quotation marks omitted).  Applied here, the remedy best tailored to Lovins's constitutional injury is to reduce his sentence to the twenty years that he would have received absent the *Blakely* violation, not prohibiting rearrest and resentencing altogether.  We therefore agree with the district court that this case does not present "extraordinary circumstances" warranting exceptional relief.

III.

For these reasons, we affirm the judgment of the district court.

---

**¹**We note, however, that *Satterlee* leaves open the possibility that a state's "inexcusable" failure to act by the deadline imposed by the court could be a sufficient basis alone to bar reprosecution.  453 F.3d at 370 (holding that "extraordinary circumstances" warranting a bar on reprosecution include "when the state inexcusably, repeatedly, or otherwise abusively fails to act within the prescribed time period") (internal quotation marks omitted).